CUTTING *v.* JACKSON.                      {Dec. 21, 1875.

*Fraudulent sales—Retaining possession by vendor.*

S, being indebted to C and D, sold to them certain cattle and hay for $90, who endorsed the amount upon a note held by them against S. The sale was made in the presence of a witness. The cattle and hay were left in the possession of S to feed the hay to the cattle, also to his own cow at his own expense; and it was agreed that the manure made by the cattle should become the property of S. The creditors of S attached the cattle and hay as the property of S, and C and D replevied them. Upon the trial, these facts appearing, it was ruled that the sale was void as to creditors, and that the facts furnished no sufficient explanation of the retaining the possession of the property by S; and a verdict was ordered for the defendant. *Held*, that the ruling was correct.

When the possession of chattels is retained by the vendor after an absolute sale, it is no sufficient explanation to show that the sale was made in the presence of a witness, where it was not attended with such publicity as would naturally give notoriety to the transaction, and when there was no change in the possession or use of the chattels to indicate that any change in the ownership had taken place.

FROM SULLIVAN CIRCUIT COURT.

REPLEVIN. The personal property which was the subject-matter of this action had been attached by the defendant, who was a deputy of the sheriff of the county of Sullivan, as the property of one Don C.

Smith, and which the plaintiffs claim to own by virtue of a sale from said Smith to the plaintiffs, and which sale the defendant alleged to be fraudulent and void as against the creditors of said Smith. This was the only matter in dispute.

The evidence tended to show, that on October 26, 1874, the plaintiff, Shepherd H. Cutting, bought of Don C. Smith the steers and the hay which are the subject-matters of the suit; that the property remained in the possession of Smith, it being agreed between them that Smith should take care of the steers and feed out the hay to them for the manure, and also that Smith's cow should be kept on the hay at Smith's expense, and that the plaintiffs might, at their pleasure, take away the balance of the hay. The property, being then in Smith's possession, was attached by the defendant October 27, 1874. The plaintiffs paid Smith for the property by endorsing the price, namely, ninety dollars, on the note which they held against him, secured by a mortgage of the farm on which Smith lived. The endorsement was made within a day or two of the time of the trade, and was dated the day of the trade. The plaintiff, Shepherd, not having the note with him, was the reason of the delay in the endorsement. The trade was made in the presence of one witness, and the evidence did not tend to show any acts done for the purpose of concealment. The evidence tended to show that the plaintiffs paid ten dollars per ton for the English hay, and that that was the price such hay was selling for, delivered at the village in Newport, and that it was worth two dollars per ton to draw it from the barn and deliver it at the village. The evidence also tended to show that the swale hay was worth ten dollars.

The court ruled that these facts, if made out, would not be a sufficient explanation of the retaining the possession of the property by Smith, and that the sale was void as against Smith's creditors; and there being no other matters in dispute, the court ordered a verdict for the defendant, and the plaintiffs excepted.

The questions arising on the foregoing case were transferred to this court by CUSHING, C. J.

* SMITH, J. The plaintiff's vendor retained possession of the steers and hay, although the sale was absolute. This was *prima facie* evidence of a secret trust. If they have failed to explain why this was done, then it is conclusive evidence of such trust. *Trask* v. *Bowers*, 4 N. H. 309. When the fact of a secret trust is admitted or established, the fraud is an inference of law, which a court is bound to pronounce. A sale of goods by a person in debt, in order to be considered *bona fide* in respect to creditors, must be made without any trust whatever, either express or implied. *Coburn* v. *Pickering*, 3 N. H. 428.

The facts offered by the plaintiffs, to explain why the possession of these chattels was left with their vendor, are not disputed. There was, then, no question of fact to be found by the jury. But the question is,

---

* CUSHING, C. J., having presided at the trial, did not sit.

whether in law the explanation is sufficient to repel the presumption of fraud arising from the possession and use of the chattels by Smith. I think it is clear this must be answered in the negative. Although the trade was made in the presence of a witness, it was not attended with such publicity as would naturally give notoriety to the sale. The leaving the cattle with the vendor to be kept upon the hay, with the stipulation that the manure made by them should become his property, and with the further stipulation that his own cow should be fed upon the hay, although at his expense, would have no tendency to indicate that any sale had taken place. There was nothing whatever that was calculated to apprise the public of any change in the ownership of the property, but, rather, everything indicated that there had been no transfer of title.

This case comes clearly within the doctrine of *Coburn* v. *Pickering*, *supra*, and the law as laid down in that case has been upheld in numerous cases since in our reports, including *Lang* v. *Stockwell*, 55 N. H. 561. No law is more firmly established in this state, and we have only to follow it. The exceptions must be overruled.

LADD, J., and STANLEY, J., C. C., concurred.

*Judgment on the verdict.*