FLAGG v. PIERCE.

A conveyance of real estate, duly executed and recorded, but fraudulent as to creditors, is not a substitute for a change of possession of personal property, conveyed by bill of sale, executed, at the same time.

TROVER, for a pair of oxen. The defendant justified under the levy of an execution against one Fox, through whom the plaintiff claimed. Facts found by the court.

Fox conveyed to the plaintiff a farm, by a recorded deed, and certain personal property, including the oxen, and took in return a bond conditioned for the support of himself and wife during life, and a mortgage on the farm to secure the bond. He was then living on the farm, and has continued to live there since. The oxen remained on the farm until taken by the defendant on execution. There was no change in the management of the farm or the personal property after the conveyance. The execution on which the defendant took the oxen was issued on a judgment founded on a debt due from Fox when the conveyance was made.

*Woodward & Wellington*, for the plaintiff.

*Faulkners & Batchelder*, for the defendant.

STANLEY, J.   The facts bring this case within the principle of *Coburn* v. *Pickering*, 3 N. H. 415.   There was no substantial change of possession, nothing to apprise the public that Fox was not the owner of the oxen.   He was in possession of and carrying on the farm, as he had done previously, and the plaintiff did no more or differently than he had done before.

It is argued that the conveyance and record were a substitute for a change of possession.   But, as against the creditor represented by this defendant, that conveyance was fraudulent and void,— *Coolidge* v. *Melvin*, 42 N. H. 510, 521; *Smith* v. *Smith*, 11 N. H. 459; *McConihe* v. *Sawyer*, 12 N. H. 403,—and the want of a change of possession of the personalty, which is presumptive evidence of fraud, is not explained by a similar fraud in the sale of the realty.   The fraudulent sale of the farm was evidence of fraud in the sale of the oxen.   Nor is the fact, that the conveyance was upon a sufficient consideration, material.   As there was no change of possession, the law, in the absence of any explanation of the want of a change of possession, presumes that the sale was fraudulent.   This fact being established, fraud is an inference of law.   *Cutting* v. *Jackson*, 56 N. H. 253; *Lang* v. *Stockwell*, 55 N. H. 561.

*Judgment for the defendant.*

ALLEN, J., did not sit.